MIDDLE DISTRICT OF FLORIDA FORT MYERS DIVISION

DWAN D. McCRAY and PHILLIP MAURICE SEYMORE,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and LAKEVIEW LOAN SERVICING, LLC,

Defendants.

Case No.: [To be assigned] 2:25-CV-925-SPC-NPM

## VERIFIED COMPLAINT

Plaintiffs DWAN D. McCRAY and PHILLIP MAURICE SEYMORE ("Plaintiffs"), by and through themselves, respectfully allege:

## I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under federal law, including the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and related regulations under 12 C.F.R. § 1024.

Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

Venue is proper under 28 U.S.C. § 1391(b) because the property at issue is located in Lee County, Florida, and the events giving rise to the claims occurred within this district.

## II. PARTIES

Plaintiffs reside at 3204 21st Street W, Lehigh Acres, Florida 33971, and are borrowers on the subject mortgage loan. (See Exhibit C)

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") is a mortgage servicer operating in Florida and acting as agent for Lakeview.

Defendant Lakeview Loan Servicing, LLC ("Lakeview") is the owner of the subject mortgage loan and is legally responsible for the actions of its servicer, Mr. Cooper.

## III. FACTUAL BACKGROUND

### A. Execution and Compliance

1. On July 9, 2025, Plaintiffs executed a COVID-19 Recovery Partial Claim Agreement. (See Exhibit A)

2. Defendants initially demanded $2,215.33 to book the agreement, contradicting the stated requirement of $450.00. This was corrected by a supervisor on July 24, 2025. (See Exhibit F)

3. Plaintiffs paid the required $450.00 on July 28, 2025. (See Exhibit E)

4. Mr. Cooper confirmed the agreement was approved and awaiting booking. (See Exhibit I)

### B. Misrepresentation to Lee County

5. On August 28, 2025, Lee County contacted Mr. Cooper to verify the modification status. Mr. Cooper falsely stated that Plaintiffs had not paid and that no modification was in place. (See Exhibit J#6)

6. Based on this misinformation, Lee County denied Plaintiffs' application for Hurricane Ian assistance. (See Exhibit J#7)

7. On August 29, 2025, Mr. Cooper confirmed in a recorded call that the Partial Claim was active and all documents were in order. (See Exhibit I)

8. On September 2, 2025, during a three-way call, Mr. Cooper again confirmed the agreement was approved and awaiting booking. (See Exhibit K2)

9. Lee County then approved and disbursed $10,000 in assistance to Mr. Cooper on Plaintiffs' behalf. (See Exhibit D, Exhibit H)

C. Reversal and Misapplication
10. Defendants misapplied the $10,000 to past-due amounts and reversed their prior confirmation. (See Exhibit E)

11. Defendants claimed the account was "caught up" and therefore no longer eligible for the Partial Claim—despite this condition not appearing in the agreement. (See Exhibit A)

12. No written denial or appeal rights were issued, violating 12 C.F.R. § 1024.41(d). (See Exhibit F, Exhibit H)

13. Mr. Cooper admitted that had the Partial Claim been booked, the $10,000 would have been returned to Lee County. (See Exhibit A)

D. Harm to Plaintiffs
14. Plaintiffs received foreclosure threats despite full compliance. (See Exhibit B#1, Exhibit B#2, Exhibit M)

15. Plaintiffs were denied the opportunity to contest the reversal before the assistance program closed, resulting in loss of public funds. (See Exhibit D)

16. Plaintiffs suffered financial harm, emotional distress, and procedural prejudice. (See Exhibit L)

E. Pattern of Delay, Misinformation, and Retaliation

17. On or about July 25, 2025—three days before the required booking deadline—Defendants contacted Plaintiff Phillip Seymore by phone to discuss the Partial Claim Agreement. This call confirms that Defendants were actively tracking the agreement and aware of the upcoming deadline. (See Exhibit E)

18. Despite having internal records showing the correct payment amount of $450.00, Defendants demanded $2,215.33 to book the Partial Claim. This was not a clerical error; Defendants had access to transaction history showing what was paid and what was returned. The inflated demand appears to have been a deliberate attempt to extract additional funds. (See Exhibits A, E, F)

19. After Plaintiffs paid the correct $450.00 on July 28, 2025, Defendants failed to book the Partial Claim. Plaintiff Phillip Seymore called nearly every week in July and August to confirm booking. Each time, Defendants stated the matter was "being escalated," advised him to "check back in three days," or promised that "someone would call"—none of which occurred. (See Exhibit L)

20. In late August, Plaintiffs sought additional assistance through Lee County, which required confirmation that the Partial Claim was in place. On or about August 28, 2025, a Lee County representative contacted Mr. Cooper and was falsely informed that no payment had been made and no modification existed. (See Exhibit J#6)

21. That same day, Defendants began sending foreclosure-related letters to Plaintiffs, initiating a pattern of harassment and escalation documented in Exhibit M. The timing of these letters—immediately following the false statement to Lee County—suggests retaliatory intent. (See Exhibit M)

22. In their written response to the Florida Office of Financial Regulation, Defendants referenced only the calls where they stated that Lee County's $10,000 assistance "would not interfere" with the booking of the Partial Claim. They omitted all prior calls in which Plaintiffs were told the matter was being escalated or that someone would follow up. This selective disclosure further supports Plaintiffs' claim of intentional concealment and manipulation. (See Exhibit A)

## IV. CLAIMS FOR RELIEF

### Count I – Violation of RESPA (12 U.S.C. § 2605(e); 12 C.F.R. § 1024.35)

Plaintiffs state a claim under RESPA for Defendants' failure to correct servicing errors, misapplication of designated funds, and failure to respond adequately to Notices of Error. (See Exhibits A, E, F, H)

### Count II – Breach of Contract

Plaintiffs state a claim for breach of contract based on Defendants' failure to honor the executed Partial Claim Agreement, misapplication of funds, and retroactive disqualification. (See Exhibits A, C, E)

### Count III – Negligent and Intentional Misrepresentation

Defendants made false statements to Plaintiffs and Lee County, causing denial of assistance and loss of public funds. (See Exhibits I, J, K)

### Count IV – Violation of 12 C.F.R. § 1024.41(d)

Defendants failed to issue a written denial or provide appeal rights after rejecting the Partial Claim. (See Exhibits F, H)

### Count V – Violation of FDUTPA (Fla. Stat. § 501.204)

Defendants engaged in deceptive and unfair practices, including reversal of prior confirmations and misleading communications. (See Exhibits B, M, L)

### Count VI – Violation of Procedural Due Process (14th Amendment)

Plaintiffs had a protected interest in the executed agreement and approved assistance. Defendants deprived them of this interest without notice, hearing, or appeal. (See Exhibits B, M, H)

### Count VII – Injunctive Relief

Plaintiffs seek injunctive relief to prevent foreclosure and compel booking of the executed Partial Claim Agreement. (See Exhibits M, B, L)

### VIII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### IX. PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

A. Award actual, statutory, and punitive damages.

B. Issue injunctive relief to prevent foreclosure and compel booking of the Partial Claim.

C. Declare Defendants' conduct unlawful and unconstitutional.

D. Award attorney's fees and costs.

E. Grant any other relief the Court deems just and proper.

6

Respectfully submitted,

/s/ Phillip Maurice Seymore

/s/ Dwan D. McCray

Date:


## X CERTIFICATION AND VERIFICATION

Plaintiffs certify under penalty of perjury that the factual allegations contained in this Verified Complaint are true and correct to the best of their knowledge, information, and belief, and that this Complaint is not filed for any improper purpose, such as to harass or cause unnecessary delay.

Plaintiffs further certify that they have reviewed the applicable rules and laws governing this action, including Federal Rule of Civil Procedure 11, and believe that the claims asserted herein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.


Executed on:

Lehigh Acres, Florida

s/ Phillip Maurice Seymore

 Phillip Maurice Seymore

/s/ Dwan D. McCray

Dwan D. McCray