UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DWAN D. MCCRAY and PHILLIP
MAURICE SEYMORE,

      Plaintiffs,

v.                             Case No.:  2:25-cv-925-SPC-NPM

NATIONSTAR MORTGAGE LLC
and LAKEVIEW LOAN
SERVICING, LLC,

      Defendants.

_____/

## OPINION AND ORDER

Before the Court is pro se Plaintiffs Dwan D. McCray and Phillip Maurice Seymore's Emergency Motion for Temporary Restraining Order. (Doc. 3).  For the reasons below, the Court denies the motion.

Plaintiffs ask for a temporary restraining order enjoining Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing, LLC from initiating or continuing foreclosure proceedings on their property. (*Id*.).  A district court may issue a temporary restraining order without notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

If the movant establishes that it is justified in seeking ex parte relief, it then must show that injunctive relief is appropriate. The movant may do so by showing "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiffs fall well short of their burden. To begin, they do not offer any security to pay Defendants' costs and damages if they are wrongly restrained. *See* Fed. R. Civ. P. 65(c); *see also* M.D. Fla. R. 6.01(a)(4) (requiring that a motion for temporary restraining order include "a precise and verified explanation of the amount and form of the required security"). More problematic though, their motion only cursorily analyzes the four elements for injunctive relief without any citation to supporting authority. (Doc. 3 at 3–4).

This is insufficient to show a temporary restraining order is warranted. *See Wall v. Centers for Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)) ("A temporary restraining order is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." (cleaned up)).

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Temporary Restraining Order (Doc. 3) is **DENIED**.[1]

**DONE** and **ORDERED** in Fort Myers, Florida on October 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[1] Plaintiffs' motion also asks the Court to "set a hearing on Plaintiffs' request for preliminary injunction[.]"  (Doc. 3 at 4).  But Plaintiffs have not moved for a preliminary injunction.  If they wish to do so, they must file a separate motion.