UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DWAN D. MCCRAY and PHILLIP
MAURICE SEYMORE,

    Plaintiffs,

v.                                Case No.:   2:25-cv-925-SPC-NPM

NATIONSTAR MORTGAGE LLC
and LAKEVIEW LOAN
SERVICING, LLC,

    Defendants.

## OPINION AND ORDER

Before the Court is pro se Plaintiffs Dwan D. McCray and Phillip Maurice Seymore's Emergency Motion for Preliminary Injunction. (Doc. 6). For the reasons below, the Court denies the motion.

Plaintiffs seek a preliminary injunction enjoining Defendants Nationstar Mortgage LLC and Lakeview Loan Servicing, LLC from initiating or continuing any foreclosure proceeding, sale, or other adverse action against their property.[1] (*Id.*). "To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: (1) a substantial likelihood of

---

[1] Although Plaintiffs broadly ask the Court to enjoin "other adverse action" against their property, their "irreparable harm" analysis focuses solely on their perceived threat of foreclosure. Regardless, a request to enjoin "other adverse action" is far too vague to warrant an injunction. *See* Fed. R. Civ. P. 65(d) (requiring that an injunction describe in reasonable detail the acts restrained).

success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018). "[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations and quotations omitted). Because Plaintiffs cannot show an imminent irreparable harm exists, their request for injunctive relief fails. *See Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) ("Failure to show any of the four factors is fatal[.]").

Plaintiffs cannot show they will suffer irreparable injury without the injunction. They simply assert that a servicing error Defendants may have committed placed their mortgage in default "making foreclosure an \*\*imminent and certain threat\*\* without this Court's intervention." (Doc. 6 at 3). In their view, this imminent threat of losing their primary residence constitutes an irreparable injury. (*Id.* at 4). But "Florida courts have held the threat of foreclosure and the initiation of foreclosure proceedings are insufficient to establish irreparable harm." *Jacobs v. Land Home Fin. Servs. Inc.*, No. 8:23-CV-2308-MSS-UAM, 2023 WL 8434579, at \*1 (M.D. Fla. Oct. 12, 2023) (collecting cases) (denying motion for preliminary injunction because the

plaintiff could not show irreparable harm existed based on the threat of foreclosure). This dooms Plaintiffs' request.

Even assuming the threat of foreclosure constitutes irreparable harm, Plaintiffs have not shown that such harm is imminent. Although they repeatedly insist the risk of foreclosure is imminent, they offer nothing to back this up, such as when the alleged foreclosure proceedings will be initiated, when any foreclosure sale will take place, or even that Defendants have expressed an intent to foreclose Plaintiffs' property. *Cf. Clements v. Wells Fargo Home Mortg. Inc.*, No. 1:18-CV-1781-MHC, 2018 WL 3954753, at *1 (N.D. Ga. May 15, 2018) (denying motion for preliminary injunction to enjoin foreclosure sale because the plaintiff failed "to even indicate when the alleged foreclosure sale is scheduled to take place"). The Court cannot issue a preliminary injunction based on the possibility that irreparable harm may occur. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). So the Court denies Plaintiffs' motion.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Emergency Motion for Preliminary Injunction (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record